FILED MAR 2 1 2013 WILLIAM B. GUTHRIE Clerk, U.S. District Court By_____ Deputy Clerk

IVETTE M. FIGUEROA,  )
                     )
          Plaintiff, )
                     )
v.                   )   No. CIV 11-400-RAW-SPS
                     )
JUSTIN JONES, et al.,)
                     )
          Defendants.)

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint [Docket No. 5], the defendants' motion [Docket No. 38], plaintiff's responses [Docket Nos. 42 and 43], and a special report prepared by the Oklahoma Department of Corrections (DOC) [Docket No. 35] at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, a former inmate of Dr. Eddie Warrior Correctional Center (EWCC) in Taft, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, and the Americans with Disabilities Act (ADA), seeking relief for alleged constitutional violations during her incarceration at EWCC. The defendants are DOC Director Justin Jones, DOC Medical Services Administrator Dennis Cotner, DOC Chief Medical Officer Mike Jackson, and the following nine officials of EWCC: Unit Case Managers Mr. Frost and Ms. Blackburn, Shift Supervisor Lieutenant VanHorton, Labor Pool Supervisor Sergeant Buggs, Dormitory Sergeants Goodyear and Vanhousing, Facility Physician Dr. Getty, Kitchen Supervisor Jane Doe, and Commissary or Canteen Supervisor John Doe. Defendants Blackburn, Vanhousing,

Cotner, Jackson, Jane Doe, and John Doe have not been served.[1]

Plaintiff alleges that while incarcerated at EWCC, she was assigned to jobs that were medically prohibited by DOC doctors because of her chronic asthma. The work assignments caused her to be exposed to extreme heat, dusty conditions, cold weather, toxic fumes, and inhalants. She further asserts that six of the defendants created a secret conspiracy and a personal, private agenda against incarcerated women with chronic, permanent illnesses, even when the defendants knew of their illnesses.

> ... These six [6] Defendants are part of the chain of command, which on a daily basis harassed, racially discriminate, persecute, abuse, bully, terrorize and publicly humiliate, unfairly demoted, placed in isolation, retaliated, filed bogus reports, lied on official state documents, manipulated, schemed, and transferred from minimum facility to maximum facility, when the Plaintiff, or others, complained about the abuses these Defendants were imposing on inmates with chronically ill diseases. In addition, they were very successful of depriving inmates of transfer, parole, early release, good days and privileges such as visitation. Some other Defendants in this complaint refused to serve breakfast, lunch, and dinner to female inmates due to another In House policy, leaving hundreds hungry for years. Additionally, placing chronically ill inmates out in rain and lightening while purchasing commissary, instead of allowing us to seek shelter under the overhang.

[Docket No. 5 at 4].

As an initial matter, to the extent plaintiff is alleging that she and other chronically ill inmates suffered violations of their constitutional rights, plaintiff does not have standing to sue on behalf of other inmates who have been harmed. It is well settled that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citation omitted). Plaintiff must show she personally suffered some injury as a result of the defendants'

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

conduct, *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 72 (1978), and "must assert [her] own legal rights and interests" rather than those of third parties, *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Therefore, the court will consider only the claims arising from alleged violations of plaintiff's rights.

Defendants Jones, Frost, Buggs, Goodyear, VanHorton, and Getty have filed a motion to dismiss or for summary judgment, alleging among other things that plaintiff's claims are time barred. Plaintiff is complaining about alleged constitutional violations that occurred during her incarceration at EWCC. According to plaintiff's DOC Consolidated Record Card in the special report, she was housed at that facility from January 30, 2007, through December 11, 2007. [Docket No. 35-1 at 2-3].

The statute of limitations for a civil rights cause of action in Oklahoma is two years, *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), and Oklahoma's two-year personal injury statute also applies to actions arising under Title II of the ADA, *Quinn v. Univ. of Okla.*, 276 Fed. Appx. 809, 810, 2008 WL 1930071, at *1 (10th Cir. May 2, 2008). Here, plaintiff's claims arose no later than December 11, 2007, her last day at EWCC. Therefore, her deadline for commencing this action was December 11, 2009. She, however, did not file this case until November 9, 2011, so her claims are barred by the applicable statute of limitations.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604

F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 21st day of March 2013.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**